**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CATHERINE A. THEWS, | Case No.: 3:22-cv-00078-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 13, 14 |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social<br>Security Administration, | |
| Defendant | |

Before the court is Plaintiff's Motion for Reversal and Remand. (ECF No. 13.) The Acting Commissioner filed a Cross-Motion to Affirm and Response to Plaintiff's motion. (ECF Nos. 14, 15.) Plaintiff filed a reply in support of her motion. (ECF No. 16.)

After a thorough review, Plaintiff's motion is granted, the Acting Commissioner's motion is denied, and this matter is remanded for further proceedings before a different administrative law judge (ALJ) for the reasons set forth below.

## I. BACKGROUND

In July of 2016, Plaintiff completed an application for disability insurance benefits (DIB) under Title II of the Social Security Act alleging disability beginning on September 1, 2015. (Administrative Record (AR) 195-196.) The application was denied at the initial level. (AR 94-99.)[1]

---

[1] Plaintiff filed her application in Alaska, which is one of several prototype states that have only one level of disability determination before the administrative hearing level. *See* Social Security Administration Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-4-98, HALLEX I-2-4-98 (ssa.gov), last visited January 30, 2023.

Plaintiff requested a hearing before an ALJ. (AR 101-102.) ALJ Cecilia LaCara held a hearing on August 14, 2018, in Anchorage, Alaska, as Plaintiff was living in Alaska at the time. (AR 30-.) Plaintiff, represented by counsel, appeared and testified on her own behalf at the hearing. Testimony was also taken from a vocational expert (VE), a psychological expert, and a medical expert. (*Id.*)

On October 22, 2018, the ALJ issued a decision. (AR 13-23.) In this decision, the ALJ found Plaintiff had the following severe impairments: status post hip labrum tears bilaterally; degenerative disc disease of the lumbar spine; obesity; major depressive disorder; generalized anxiety disorder; and post-traumatic stress disorder (PTSD). (AR 15.) The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16-17.)

The ALJ then found Plaintiff had the residual functional capacity (RFC) to perform light work, with the ability to stand or walk up to four hours in an eight-hour workday with normal breaks; sit up to six hours in an eight-hour workday with normal breaks; the ability to alternate between sitting and standing every hour for at least five minutes at a time to alleviate any pain or discomfort; no leaving the workstation; occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, or crawling; no climbing ladders, ropes or scaffolds; avoidance of exposure to all unprotected heights; avoidance of concentrated exposure to hazardous machinery; and she would be precluded from any assembly line pace or production rate work. (AR 18.)

Next, the ALJ determined Plaintiff is capable of performing her past relevant work as a patient account representative, and therefore, she was not disabled. (AR 22-23.)

Plaintiff requested review, and the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner. (AR 1-6.)

Plaintiff commenced an action for judicial review in the District of Alaska under 42 U.S.C. § 405(g). (AR 1166-1168.) Plaintiff argued that the RFC failed to take into account the ALJ's assessment that Plaintiff suffered from severe mental impairments and that Plaintiff had moderate limitations regarding concentration, persistence, and pace, but the ALJs RFC assessment failed to account for these moderate limitations associated with Plaintiff's severe mental impairments. Plaintiff asserted that with such limitations, Plaintiff would not have been able to perform her past relevant work. The federal judge in the District of Alaska agreed, and the court remanded the case for further proceedings. (AR 1173-1183.)

A second hearing was held before the same ALJ as the first hearing, ALJ Cecilia LaCara, on October 13, 2021. (AR 1109-1139.) Plaintiff, who was represented by counsel, testified at the hearing. Testimony was also given by a VE. On November 30, 2021, ALJ LaCara issued a second decision. (AR 1081-1099.) At step one, the ALJ found Plaintiff last met the insured status requirements on December 31, 2020, and she had not engaged in substantial gainful activity since the alleged onset date of September 1, 2015. (AR 1087.)

At step two, the ALJ concluded Plaintiff had the following severe impairments: disorder of the lumbar spine, bilateral hip dysfunction, hypertension, and obesity. (AR 1087.)

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments. (AR 1091.)

At step four, the ALJ assessed Plaintiff as having the RFC to perform light work except she can occasionally lift and carry 20 pounds, and frequently lift and carry 10 pounds; she can stand/walk up to four hours in an eight-hour workday; she can sit up to six hours in an eight-hour workday; she can engage in frequent right foot control operation; she can occasionally climb

ramps or stairs; she can never climb ladders, ropes, or scaffolds; she can engage in frequent balancing; she can occasionally stoop, kneel, crouch, and crawl; she can frequently engage in overhead reaching on the right; and she should avoid all unprotected heights and hazardous machinery. (AR 1092.)

The ALJ then concluded Plaintiff was able to perform her past relevant work as an insurance clerk. (AR 1098.) As a result, the ALJ found Plaintiff not disabled from the alleged onset date of September 1, 2015, through her date last insured of December 31, 2020.

Since Plaintiff did not file a written exception to the decision, and the Appeals Council did not review the decision on its own, the decision became final. Plaintiff then initiated this action for judicial review in the District of Nevada under 42 U.S.C. § 405(g).

Plaintiff argues that despite finding she had some degree of chronic pain, the ALJ did not include corresponding limitations in the RFC to account for her pain. Plaintiff contends the ALJ did not set forth legally sufficient reasons for rejecting her subjective symptom testimony because the ALJ did not provide context for Plaintiff's daily activities and mischaracterized Plaintiff's testimony. In addition, the ALJ did not explain how Plaintiff's limited daily activities translated to an ability to work. Plaintiff further claims the ALJ inserted her own opinion regarding Plaintiff's pain rather than deferring to the medical experts. Finally, Plaintiff argues that the ALJ erred in failing to include a limitation concerning her mental impairments, consistent with Dr. Smedley's opinion, and if she had done so, Plaintiff would be precluded from performing her past relevant work.

The Acting Commissioner argues that the ALJ properly determined Plaintiff's RFC based on consideration of all the relevant medical and other evidence, and properly assessed Plaintiff's subjective allegations. The Acting Commissioner further contends that the ALJ properly

accounted for the evidence of Plaintiff's pain in determining she could perform light work with additional limitations consistent with her symptoms.

## II. STANDARDS

**A. Five-Step Evaluation of Disability**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his or her physical or mental impairments are so severe as to preclude the claimant from doing not only his or her previous work but also, any other work which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

The second step requires the Commissioner to determine whether the claimant's impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and § 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has an impairment(s) that is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner looks at a number of specific impairments listed in

20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the claimant's impairment(s) meets or is the equivalent of one of the Listed Impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed Impairments are severe enough to preclude any gainful activity, regardless of age, education or work experience. 20 C.F.R. § 404.1525(a), § 416.925(a). If the claimant's impairment meets or equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's impairment is severe, but it does not meet or equal one of the Listed Impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past relevant work is that which a claimant performed in the last 15 years, which lasted long enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and § 416.920(a).

In making this determination, the Commissioner assesses the claimant's RFC and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545 and § 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitations, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3).

A claimant can return to previous work if he or she can perform the work as he or she actually performed it, *i.e.*, if he or she can perform the "actual functional demands and job duties of a particular past relevant job," or as generally performed, *i.e.*, "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can still do past relevant work, then he or she is not disabled. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131.

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Yuckert*, 482 U.S. at 141-42, 144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a VE or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).[2]

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b),

---

[2] "[The grids are matrices of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (internal quotation marks and citation omitted).

§ 416.966(b). Conversely, if the Commissioner determines the claimant is unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g); *see also Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

**B. Judicial Review & Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez*, 740 F.3d at 522 (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 523-24 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th

Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

### III. DISCUSSION

#### A. ALJ's Finding Regarding Plaintiff's Mental Impairments

In her first decision, the ALJ determined that Plaintiff's severe impairments included the mental impairments of major depressive disorder, generalized anxiety disorder, and PTSD. (AR 15.) The ALJ further found that Plaintiff had a moderate limitation in concentration, persistence, or maintaining pace. (AR 17.) The ALJ specifically noted that Dr. Buechner testified Plaintiff would have limitations caused by fatigue and sleep disturbance, consistent with a moderate finding in this area. (*Id*.) The District of Alaska found, however, that the ALJ's RFC did not account for this moderate limitation, and the federal judge remanded on this basis.

After remand, but before her date last insured, Plaintiff had a consultative mental health examination with Dr. Smedley. (AR 1894-1900.) Dr. Smedley opined Plaintiff has difficulty remembering simple instructions, much less complex or multi-step instructions; lacks the ability to perform tasks at a reasonable speed due to her slow speed of processing information and difficulty completion activities that compete with her preoccupation with her symptoms; her depression and anxiety appear to interfere with her ability to engage in prosocial interactions with others; and she has limited stress tolerance and is unlikely to withstand job pressures such as deadlines or working with difficult people. (AR 1899-1900.)

In her second decision, curiously, the same ALJ did not find Plaintiff had any severe mental health impairments, even though the intervening consultative mental health examination

was consistent with such a finding. The ALJ does not provide an explanation for the

contradiction between finding the mental health impairments to be severe in the first decision

and not severe in the second decision. For example, the ALJ does not identify any significant

improvement in Plaintiff's mental health condition in the intervening period. In the second

decision, insofar as Plaintiff's mental health was concerned, the ALJ gave significant weight to

the determinations of State agency psychological physicians Royal Kiehl, M.D., and Richard

Zaloudek, M.D. However, these opinions were before the ALJ in the first decision when she

found Plaintiff's mental impairments were severe. It appears the ALJ may have excluded the

severe impairments from the second decision to avoid addressing *the issue* presented for remand:

whether Plaintiff could do her past relevant work when her mental impairments were taken into

account, or whether those impairments may result in a finding that a Grid rule applies. As a

result, the court finds the ALJ's determination is not supported by substantial evidence, and the

ALJ erred in this regard. This matter should be remanded to a different ALJ for a determination

regarding Plaintiff's mental health impairments.

**B. Subjective Symptoms and Plaintiff's RFC**

1. **Evaluating Subjective Symptom Testimony**

Evaluating a claimant's subjective symptom testimony "becomes important at the stage

where the ALJ is assessing residual functional capacity, because the claimant's subjective

statements may tell of greater limitations than can medical evidence alone." *Tonapetyan v.

Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001) (citing Social Security Ruling (SSR) 96-7P).[3]

---

[3] SSA previously referred to this as a credibility determination. SSR 96-7P. SSA subsequently
eliminated use of the term "credibility." SSA has clarified that "subjective symptom evaluation is
not an examination of an individual's character." Instead, the adjudicator considers all of the
evidence in evaluating the intensity and persistence of a claimant's symptoms. SSR 16-3P.

"Such testimony is inherently subjective and difficult to measure." *Coleman v. Saul,* 979 F.3d 751, 755-56 (9th Cir. 2020). This evaluation is often crucial to a finding of disability. *Id.* (citing *Fair v. Bowen,* 885 F.2d 597, 602 (9th Cir. 1989)).

There is a two-step test for evaluating a claimant's subjective symptom testimony:

First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is *not* required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

*Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (internal quotation marks and citations omitted, emphasis original).

**2. Plaintiff's Testimony**

Plaintiff testified that her prior work was a seated position, but she had a sit/stand option as needed. She left the position because she had a hard time standing and sitting for a long time due to pain and discomfort in her hip and back. (AR 54-56.)

She lives with her husband and dogs, but her husband helps care for the dogs. (AR 114.)

She drives short distances to doctor appointments. She went on one trip to California to see her children and went camping, but she had to come back on the second day. (AR 60, 1115-16.)

She could not lift her 21-pound dog, but she could lift a gallon of milk. (AR 61.) According to her function statement, she cannot stand for longer than 30 minutes. Vacuuming

and washing the floors hurts her back. She folds laundry on the counter, and she cooks simple meals such as a can of soup or a sandwich. She cannot do more than that because she cannot stand for too long. Her husband does the shopping. She is more comfortable lying down. (AR 60, 1125-26.)

She does stretches in the morning, and she takes walks up to a half mile. However, she said in her function statement that she can go only a quarter of a mile before she has to stop and rest for a few moments, and she is still trying to build up the strength in her legs and uses a walking stick to help with balance. She also can ride the stationery bike. (AR 68, 1118-19.)

**3. Analysis**

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce her alleged symptoms. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record.

The ALJ found that the medical evidence does not substantiate Plaintiff's allegations of disabling symptoms or limitations. The ALJ acknowledged Plaintiff has some restrictions, but the ALJ found Plainitt's statements regarding her incapacity were not borne out by the objective evidence, the medical opinions or the consistency of her own reported and demonstrated functional ability.

First, the ALJ found the evidence in the record was out of proportion with Plaintiff's allegations. The ALJ stated: "I do not doubt the claimant's impairments resulted in some degree of chronic pain. However, the issue is not whether she has some degree of pain, but whether the evidence supports her allegations that the pain involved is so severe that she is unable to perform any work activities." (AR 1096.)

1   "When objective medical evidence in the record is *inconsistent* with the claimant's

2   subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v.*

3   *Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis original). ALJ's may properly rely "on any

4   *contradictions* between a claimant's subjective symptom testimony and the objective medical

5   evidence in the record to discount the symptom testimony." *Id*. at n. 1 (emphasis original).

6   Here, however, the ALJ did not describe *what* testimony was inconsistent with the

7   objective medical evidence. "We cannot review whether the ALJ provided specific, clear and

8   convincing reasons for rejecting [the claimant's] pain testimony where, as here, the ALJ never

9   identified *which* testimony she found not credible, and never explained *which* evidence

10  contradicted that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020 (internal

11  quotation marks omitted, quoting *Brown-Hunter v. Colvin,* 806 F.3d 487, 494 (9th Cir. 2015),

12  emphasis original). Precedent "plainly require[s] the ALJ to do more than was done here, which

13  consisted of offering non-specific conclusions that [the claimant's] testimony was inconsistent

14  with her medical treatment." *Id*. (citing *Burrell v. Colvin,* 775 F.3d 1133, 1138 (9th Cir. 2014),

15  *Brown-Hunter*, 806 F.3d at 493-94, *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009)).

16  Moreover, "providing a summary of medical evidence … is not the same as providing clear and

17  convincing *reasons* for" rejecting the claimant's subjective symptom testimony. *Id*. (quotation

18  marks omitted, citing *Brown-Hunter*, 806 F.3d at 494). Therefore, the ALJ erred.

19  Second, the ALJ found that Plaintiff described daily activities that are not limited to the

20  extent one would expect given the complaints of disabling symptoms and limitations. The ALJ

21  cited the fact that Plaintiff is independent in self-care; she is able to cook; take care of laundry;

22  take care of her puppies; lived independently with her spouse and pets; is able to drive and

23  traveled once to California and to go camping and see family; she walks about a half mile and

stretches, and uses a stationary bike. The ALJ concluded these activities show that the extent of her self-reported symptoms and limitations conflict with her actual activities, and her self-reports are, therefore, not fully reliable. (AR 1096.)

"Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (citations omitted). This is if "a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Id*. (citation and quotation marks omitted).

The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (citations omitted). That a claimant can participate in some activities does not contradict evidence of otherwise severe problems encountered in daily life. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017). House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a pet in one's own home, and occasional shopping are not similar to typical work responsibilities. *Id*. (citation omitted).

The ALJ did not discuss Plaintiff's limiting testimony concerning her abilities in this regard. She testified that her husband assists in taking care of their dogs. She generally drives only short distances to doctors appointments. While she did take one driving trip to California to visit her children, her medical records show that her condition deteriorated following this trip. She folds laundry on the counter, and she only cooks simple meals because she can not stand for

too long. Vacuuming and washing the floor hurt her back. She can do some walking, but she has to stop and rest intermittently. She uses a cane to help with balance.

In not accounting for these qualifications to Plaintiff's testimony and in failing to explain how these activities translated to the ability to perform in a work-environment, the ALJ also erred in utilizing the daily activities as a basis to discredit Plaintiff's subjective symptom testimony.

Remand is appropriate for a different ALJ to consider the objective medical evidence when compared to Plaintiff's subjective symptom statements and Plaintiff's daily activities.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reversal and/or remand (ECF No. 13) is **GRANTED;** the Acting Commissioner's cross-motion (ECF No. 14) is **DENIED**; and this matter is **REMANDED** for further proceedings before a different ALJ consistent with this Order.

The Clerk shall enter JUDGMENT accordingly.

**IT IS HEREBY ORDERED.**

Dated: January 30, 2023

_____
Craig S. Denney
United States Magistrate Judge

15